IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD GUTHRIE                                    :
340 Boorman Lane
Kalispell, MT  59901                               :

                                                   :

                          Plaintiff,               :

                                                   :

                    v.                             :        Civil Action No.

                                                   :

HOBBY LOBBY STORES, INC.                           :
Suite 820
7 St. Paul Street                                  :
Baltimore, MD  21202      (Baltimore City)         :

                                                   :

                          Defendant.               :

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WITH DEMAND FOR JURY TRIAL / INJUNCTIVE RELIEF SOUGHT

For his Complaint for Copyright Infringement, against Hobby Lobby Stores, Inc. (hereinafter

"Defendant"), the Plaintiff states as follows:

1.      All of the allegations and other factual contentions herein made are based upon information

and belief, after an inquiry reasonable under the circumstances, and as they are likely to have evidentiary

support after a reasonable opportunity for further investigation or discovery, as follows:

2.      This is an action for copyright infringement arising under the Copyright Act of 1976 (17

U.S.C. Sections 101 et seq., as amended).

I. Jurisdiction

3.      This Court has jurisdiction over the subject matter and the parties, under the Copyright Act

of 1976 (17 U.S.C. Sections 101 et seq.), and pursuant to 28 U.S.C. Sections 1331, and 1338.  This

Court has in personam jurisdiction over Defendant under Md. COURTS AND JUDICIAL

PROCEEDINGS Code Ann. Sections 6-102 and 6-103(b)(1) (transacts business), (2) (contracts to supply goods), and (3) (causes tortious injury). The facts forming the basis of the complaint, as hereinafter alleged, occurred in material part within the State of Maryland in this judicial district. This cause of action arises out of acts and events that occurred in material part in the State of Maryland, and within this judicial district.

II.  Venue

4.      Venue is based on 28 U.S.C. Section 1391 and Section 1400(a).  Defendant is organized in and maintains a business office and or retail stores in the State of Maryland in this judicial district.

III.  Facts

5.      Richard Guthrie (hereinafter "Plaintiff") is an individual who resides in the State of Montana.

6.      Plaintiff is in the business of creating art and licensing artwork, and is famous in the United States for, among other genres, western themed artwork. Plaintiff is also in the business of producing metal sculptures and metal wall hangings that utilize Plaintiff's original western themed artwork.

7.      Plaintiff is the owner of copyright in a two-dimensional artwork registered for copyright under Certificate of Registration VAu 472-822, titled "RGI-42," bearing an effective date of registration of 8 October 1999 (Exhibit A). Plaintiff is the owner of copyright in a two-dimensional artwork registered for copyright under Certificate of Registration VAu 558-342, titled "Law and Order," bearing an effective date of registration of 25 September 2002 (Exhibit B).  Exhibit A and Exhibit B are hereinafter referred to as Plaintiff's work.  The Plaintiff's work is original to Plaintiff, is fixed in a tangible medium of expression, and the copyright in Plaintiff's work is subsisting under the copyright laws of the United States. Plaintiff's work has been published with notice of copyright in accordance

2

with the copyright laws of the United States. Plaintiff sells the designs in Exhibits A and B in the form of metal sculpture and wall hangings.

8.    Defendant is a corporation organized under the laws of the State of Oklahoma and has registered to transact business in the State of Maryland.  Defendant has applied for and has procured a certificate of authority to transact business in the State of Maryland. Defendant operates at least four (4) retail stores in the State of Maryland.  Defendant is in the business of selling a wide variety of goods, including but not limited to craft supplies, home décor products, and novelty products, and engages in this business in the State of Maryland online and through Defendant's Maryland retail stores. Defendant has sold the herein complained of and allegedly infringing merchandise in the State of Maryland at its retail stores in Maryland.

9.    As part of its business, Defendant sells Defendants products within the State of Maryland, (and outside of the state of Maryland), including the products herein complained of and which Defendant markets as "Cowboys on Horses Coat Rack," "Turquoise & Rust Framed Wood & Metal Cowboy Plaque," and "Hanging Wood Cowboy Welcome Sign."  Copies of each of these three (3) products are attached as Exhibit C, Exhibit D, and Exhibit E.  The products shown in Exhibits C, D, and E are herein referred to as Defendant's products.

10.    Defendant directly and or through its artists and or vendors had access to the Plaintiff's work. Defendant has previously licensed artwork from Plaintiff and Defendant has previously produced merchandise that copies Plaintiff's other artwork. Defendant's vendors have been supplied copies of some of Plaintiff's work through at least one of Plaintiff's commercial licensing agents.

11.    Defendant's products bear work that is strikingly similar to, and substantially similar to, Plaintiff's work, which products were copied from the Plaintiff's work.

3

12.   Plaintiff has not authorized the copying of the Plaintiff's work, or the designs within Plaintiff's work, or the distribution of any unauthorized copies of the Plaintiff's work by Defendant in any format, or in the form of the herein complained of Defendant's products or otherwise.

13.   The Defendant's publication, display, and or distribution and sale of the Defendant's products, has infringed and, if not terminated, continues to infringe upon Plaintiff's rights in the Plaintiff's work.

14.   The Defendant knew or should have known that the Plaintiff's permission was required to make and distribute copies of the Plaintiff's work, and the designs comprising Plaintiff's work.

15.   Defendant was given notice by Plaintiff of Plaintiff's copyright ownership of Plaintiff's work titled "RGI-42" on and or before February 26, 2013.  Plaintiff also provided a notice to Defendant of Plaintiff's copyright ownership of Plaintiff's work titled "RGI-42" on August 22, 2014.  Upon Plaintiff's August 22, 2014, request for unreported products employing Plaintiff's work, Defendant identified Defendant's products "Turquoise & Rust Framed Wood & Metal Cowboy Plaque," and "Hanging Wood Cowboy Welcome Sign" which products Defendant concealed and did not disclose until after Plaintiff's August 22, 2014 inquiry.

16.   Defendant continues to sell Defendant's products "Turquoise & Rust Framed Wood & Metal Cowboy Plaque," and "Hanging Wood Cowboy Welcome Sign" online and through Defendant's retail stores throughout the United States.

17.   Defendant intentionally, wantonly, and or recklessly disregarded rights it knew or reasonably should have known were claimed in the Plaintiff's work, when causing the creation of, and or when distributing Defendant's products.

4

18.    Defendant's infringement of Plaintiff's copyrights has directly and proximately caused Plaintiff monetary damages, in an amount thus far not determined, and subject to proof at trial.

19.    Plaintiff has lost profits as a result of Defendant's infringement, in an amount thus far not determined, and subject to proof at trial.

20.    Defendant has realized profits from the sale of the Defendant's products in an amount unknown and subject to proof at trial.

IV.  Causes of Action:  Copyright Infringement

21.    Paragraphs 1 through 20 above are incorporated herein.

22.    Defendant's distribution and sale of Defendant's products bearing Plaintiff's work, without Plaintiff's authorization constitutes copyright infringement, and violates Plaintiff's rights under Title 17 of the United States Code, Section 106, to make and authorize the making of copies and derivative versions of the Plaintiff's work, and Plaintiff's right to distribute and display copies and derivations of Plaintiff's work.

WHEREFORE, PLAINTIFF DEMANDS:

1.    That, pursuant to Title 17 U.S.C., Defendant, their agents, servants and or employees, and all parties in privity with them be enjoined permanently from infringing on Plaintiff's registered copyrights, in any manner, including, but not limited to, the copying, manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising any copies of the Plaintiff's work or by causing and/or participating in such manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising by others.

2.    That, pursuant to Title 17 U.S.C., Defendant be required to deliver up for destruction all merchandise, brochures, literature, advertising materials and other items incorporating or bearing a

representation of any image that directly or indirectly use matter created by Plaintiff or which copy Plaintiff's work.

3.     That Defendant be required to pay to Plaintiff such actual damages, pursuant to Title 17, as Plaintiff may have sustained in consequence of their infringements and all profits derived from and attributable to their infringements of Plaintiff's copyrights, including without limitation license fees, and the value of injury to Plaintiff's copyrights.  Plaintiff requests Defendant account for all gains, profits, sales, advantages, and enhanced goodwill and market recognition derived by them from Defendant's infringement of Plaintiff's work since the date of the first act of infringement.

4.     That Defendant be required to pay an award of statutory damages in a sum to be determined at trial for any infringement(s) of Title 17 U.S.C. Section 106, found to have occurred after registration of Plaintiff's work that did not commence prior to the registration of Plaintiff's work, to the extent that same may be permitted by law, and should these statutory remedies be elected and be applicable.

5.     That, pursuant to 17 U.S.C. Section 504, Defendant be required to pay an award of increased statutory damages in sum of not less than $30,000 per infringement or more than $150,000 per infringement for willful infringement for any infringement(s) found to have occurred after registration of Plaintiff's work that did not commence prior to the registration of Plaintiff's work, to the extent that same may be permitted by law, and should these statutory remedies be elected and be applicable.

6.     That, pursuant to 17 U.S.C. Section 505, Defendant be required to pay reasonable attorneys' fees to Plaintiff's attorneys for Defendant's violation of Title 17 U.S.C. 101 et seq., as amended.

7.    That, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Defendant be required to pay Plaintiff's full costs in this action.

8.    That the Court grant pre- and post-judgment interest, and delay damages.

9.    That Plaintiff have such other and further relief as the Court may deem just and appropriate in the circumstances.

Respectfully Submitted,

/s/James Lorin Silverberg

James Lorin Silverberg, Trial Counsel
The Intellectual Property Group, P.C.
1050 30th Street NW
Washington, DC  20007
Telephone: 202-466-2787
Facsimile: 410-450-3247
Email:  j.silverberg@ipgpc.com
Bar # 24528

VERIFICATION

I Richard Guthrie hereby certify that the factual allegations in the foregoing Complaint are true

to the best of my information, knowledge, and belief.

*Richard Guthrie*
Richard Guthrie (Jan 20, 2015)

_____

Richard Guthrie

PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable of right by jury, including the issues

of statutory and other damages.

Respectfully Submitted,

/s/James Lorin Silverberg

James Lorin Silverberg, Trial Counsel
The Intellectual Property Group, P.C.
1050 30th Street NW
Washington, DC  20007
Telephone: 202-466-2787
Facsimile: 410-450-3247
Email:  j.silverberg@ipgpc.com
Bar # 24528